20\00

Filing # 153082781 E-Filed 07/11/2022 03:18:27 PM

IN THE CIRCUIT COURT IN AND FOR
THE ELEVENTH JUDICIAL
CIRCUIT MIAMI-DADE COUNTY
FLORIDA
Case No.: 22-012380-CA-01

D'ANDREA RIVERA-PARSON,

    Plaintiff,

vs.

U.S. SECURITY ASSOCIATES, INC.,
d/b/a Allied Universal Security Services a
Delaware corporation, and
UNIVERSAL PROTECTION SERVICE, LLC
d/b/a Allied Universal Security Services,
a Delaware corporation,

    Defendants,

7 2722

Eric Larson
CPS #063
2nd Judicial Circuit

_____/

7

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition
in this action on Defendant, UNIVERSAL PROTECTION SERVICE, LLC d/b/a Allied Universal
Security Services by serving its registered agent:

CORPORATION SERVICE COMPANY
1201 HAYS ST
TALLAHASSEE, FL 32301

    Each defendant is required to serve written defenses to the complaint or petition on The
Law Office of Gary A. Costales, Plaintiff's attorney, whose address is 1533 Sunset Drive, Suite
150, Miami, Florida 33143, within 20 days after service of this summons on that defendant,
exclusive of the day of service, and to file the original of the defenses with the clerk of this court
either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so,
a default will be entered against that defendant for the relief demanded in the complaint or petition.

Harvey Ruvin,
Clerk of Courts

DATED on     7/15/2022                    
                   Clerk of the Circuit/County Court

217043

BY: _____                 (Seal) 
      Deputy Clerk

Filing # 152732369 E-Filed 07/05/2022 11:10:15 PM

IN THE CIRCUIT COURT IN AND FOR
THE ELEVENTH JUDICIAL
CIRCUIT MIAMI-DADE COUNTY
FLORIDA

D'ANDREA RIVERA-PARSON,

     Plaintiff,

vs.

U.S. SECURITY ASSOCIATES, INC.,
d/b/a Allied Universal Security Services a
Delaware corporation, and
UNIVERSAL PROTECTION SERVICE, LLC
d/b/a Allied Universal Security Services,
a Delaware corporation,

     Defendants,

_____/

## COMPLAINT

    Plaintiff, D'ANDREA RIVERA-PARSON (hereinafter "RIVERA") by and through the undersigned counsel hereby sues U.S. SECURITY ASSOCIATES, INC., d/b/a Allied Universal Security Services (hereinafter "U.S. SECURITY") and UNIVERSAL PROTECTION SERVICE, LLC d/b/a Allied Universal Security Services (hereinafter "UNIVERSAL PROTECTION") and states as follows:

### JURISDICTION AND VENUE

1.    RIVERA is an individual citizen and resident of Miami-Dade County, Florida and is within the jurisdiction of this honorable Court.

2.    U.S. SECURITY is a Delaware corporation conducting business in Miami-Dade County, Florida and is within the jurisdiction of this Court.

1

3.      UNIVERSAL PROTECTION is a Delaware corporation conducting business in Miami-Dade County, Florida and is within the jurisdiction of this Court.

## PARTIES

4.      RIVERA was, at all times material to this Complaint, employed by U.S. SECURITY in Miami-Dade County.

5.      U.S SECURITY was later acquired by UNIVERSAL PROTECTION.

6.      RIVERA is a member of a protected group because of her sex (female).

7.      U.S. SECURITY is a Delaware corporation that employs more than 15 persons and does business in Florida. It is an "employer" as defined by Fla. Stat. § 760.02(7).

8.      UNIVERSAL PROTECTION is a Delaware corporation that employs more than 15 persons and does business in Florida. It is an "employer" as defined by Fla. Stat. § 760.02(7).

9.      Each Defendant shares common ownership, management, human resource and other operational functions and therefore is considered a "single entity" employer for purposes of the Florida Civil Rights Act (FCRA).

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

10.     On August 22, 2018, RIVERA filed a charge of discrimination with the Miami-Dade County Equal Opportunity Commission, which was deemed to be dual-filed with the Florida Commission on Human Relations (FCHR). (Exh. A).

11.     More than 180 days have passed since the filing of the Charge with FCHR, without the FCHR conciliating the case or making findings adverse to Plaintiff.

12.     All conditions precedent to filing suit have been met or have been waived.

2

13. All administrative prerequisites to filing suit have been met or have been waived.

## FACTUAL ALLEGATIONS

14. RIVERA was employed by U.S. SECURITY as a sector supervisor starting in 2016.

15. RIVERA was a captain assigned to the contract that U.S. SECURITY had with Miami-Dade County transit. RIVERA rotated as supervisor among different areas of transit such as the Metrorail and civic center.

16. RIVERA reported to Major Alemany. Major Alemany reported to the rank of Colonel. The Colonel reported to the Project Supervisor for the transit contract.

17. RIVERA supervised a total of 25 officers assigned to her sectors.

18. On April 2, 2018 RIVERA was informed by Post Officer Devion Lawson that she was experiencing sexual harassment on the post from Major Derrick Newton wand that it was becoming a hostile work environment for her.

19. RIVERA immediately notified her superiors, including Major Alemany, of the allegations upon RIVERA's return to work on April 9, 2018. RIVERA followed procedure when doing so because Alemany was her immediate supervisor.

20. On or about April 16, 2018. Lawson showed RIVERA text messages which reflected unwelcomed sexual advances.

21. RIVERA immediately notified her Supervisor Major Alemany on April 17, 2018 of the allegations.

22. On April 23, 2018 Lawson informed RIVERA of additional sexual harassment. RIVERA worked with Lawson approximately every Monday and Lawson often complained about harassment to RIVERA at that time.

3

23.     When RIVERA again asked officer Lawson if she wanted to file a formal complaint, she told RIVERA that she did not want to do so out of fear of retaliation and further harassment.

24.     RIVERA immediately reported the allegations for a fourth time to Alemany on April 23, 2018.

25.     On May 21, 2018 RIVERA learned of another allegation of harassment and reviewed unwelcome texts of a sexual nature sent to Lawson.

26.     Another officer also informed Major Alemany of this incident.

27.     RIVERA also spoke with Captain M. Goetz on May 21, 2018 who also witnessed and verified the texts sent to officer Lawson by Major Newton.  Captain Goetz was officer Lawson's supervisor on a different day than when RIVERA worked with Lawson.

28.     RIVERA also informed Major Alemany of this incident as well on May 21, 2018 at approximately 12:00 p.m. via cell phone when she was made aware of the situation.

29.     On July 5, 2018 RIVERA was removed from her the contract and was ultimately terminated months later because of the complaints of sexual harassment she had conveyed to management, her participation in investigation(s) of unlawful sexual harassment and unlawful discrimination, her own previous complaint(s) and her sex.

30.     Defendants claimed that RIVERA was being terminated because she had delayed complaining about the harassment of Lawson.  However, RIVERA followed written procedures in a timely fashion.  RIVERA filed complaints with her administrative supervisor, Alemany. Alemany who had sent the complaint to the human resources department.  Human resources was not familiar with the contract and sent the complaint back to the Project Manager, Fred Taylor, Colonel Reeves Majorw Thompson several of whom were friends with Newton.  Instead of

addressing the situation by transferring Lawson or Newton, these managers removed RIVERA from being Lawson's supervisor before she was removed from the contract on or about July 5, 2018.

31. RIVERA had herself been subjected to sexual harassment earlier in her employment. RIVERA had complained to Majors Reeves and Thompson about the harassment but nothing was done. When she finally told Majors Reeves and Thomson that she was going to human resources, Reeves and Thomson told her not to mention to human resources that she had gone to them first.

32. Upon information and belief, Majors Reeves and Thompson played a role in the decision to remove RIVERA from the contract and to ultimately terminate RIVERA.

## COUNT I
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (RETALIATION)

33. Defendants were motivated in their treatment of RIVERA because of her complaints about sexual harassment on behalf of herself and others and because she was a witness to acts of harassment and her participation in Defendants' investigation(s) of unlawful sexual harassment.

34. RIVERA was removed from the contract at issue and ultimately fired as and was therefore adversely affected in the "compensation, terms, conditions and privileges of employment" as envisioned by Fla. Stat. § 760.10(7).

35. Defendants' actions were intentional or were taken with reckless disregard of RIVERA's rights under the Florida Civil Rights Act.

WHEREFORE, RIVERA ask this Court to grant the following relief:

a.  Issue a declaratory judgment finding that Defendants' conduct toward RIVERA violated the Florida Civil Rights Act;

b.  Enjoin and restrain Defendants and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

c.  Enter judgment in favor of RIVERA and against Defendants for back and front pay in the amount of wages and fringe benefits it is determined that RIVERA has lost as a result of Defendants' unlawful conduct, together with prejudgment interest from the date of the violations;

d.  Enter judgment in favor of RIVERA and against Defendants for compensatory damages (pecuniary and non-pecuniary damages, pain and suffering, etc.) together with pre-judgment interest;

e.  Award RIVERA punitive damages pursuant to Fla. Stat. § 760.11;

f.  Award RIVERA a reasonable attorney's fee, pursuant to Fla. Stat. § 760.11 together with costs of this action; and

g.  Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of RIVERA's rights, to prevent reoccurrence of similar acts in the future and to protect Defendants' other employees from such unlawful behavior.

## COUNT II
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (SEX DISCRIMINATION)

36.  Plaintiff re-alleges paragraphs 1-32.

6

37.     Two male members of management also complained about the harassment of Lawson at about the same time as RIVERA but were not terminated.

38.     Defendants were motivated in their treatment of RIVERA because of her sex.

39.     RIVERA was removed from the contract issue and ultimately fired as and was therefore adversely affected in the "compensation, terms, conditions and privileges of employment" as envisioned by Fla. Stat. § 760.10(7).

40.     Defendants' actions were intentional or were taken with reckless disregard of RIVERA's rights under the Florida Civil Rights Act.

WHEREFORE, RIVERA ask this Court to grant the following relief:

h.      Issue a declaratory judgment finding that Defendants' conduct toward RIVERA violated the Florida Civil Rights Act;

i.      Enjoin and restrain Defendants and all other persons acting on behalf of, or in concert with them, from engaging in such unlawful practices;

j.      Enter judgment in favor of RIVERA and against Defendants for back and front pay in the amount of wages and fringe benefits it is determined that RIVERA has lost as a result of Defendants' unlawful conduct, together with prejudgment interest from the date of the violations;

k.      Enter judgment in favor of RIVERA and against Defendants for compensatory damages (pecuniary and non-pecuniary damages, pain and suffering, etc.) together with pre-judgment interest;

l.      Award RIVERA punitive damages pursuant to Fla. Stat. § 760.11;

m.      Award RIVERA a reasonable attorney's fee, pursuant to Fla. Stat. § 760.11 together with costs of this action; and

n.  Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of RIVERA's rights, to prevent reoccurrence of similar acts in the future and to protect Defendants' other employees from such unlawful behavior.

## JURY DEMAND

RIVERA demands trial by jury on all issues so triable.

Respectfully submitted,

/s Gary A. Costales
Gary A. Costales
Florida Bar No. 0948829
Law Offices of Gary A. Costales, P.A.
1533 Sunset Drive, Suite 150
Miami, Florida 33143
(786) 446-7288
(786) 323-7274(facsimile)
costalesgary@hotmail.com

8

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 510-2018-06355 |

| Florida Commission On Human Relations | and EEOC |
|---|---|

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| D'Andrea C. Rivera-Parson | | |

| Street Address | City, State and ZIP Code |
|---|---|
| 3527 NE 168 St, Apt 308, North Miami Beach, FL 33160 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| US SECURITY ASSOCIATES, INC | 500 or More | |

| Street Address | City, State and ZIP Code |
|---|---|
| 915 NE 125 Street,  Suite 200,  Miami, FL 33161 | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 07-05-2018  Latest 07-05-2018

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by the employer on or around 2016, in the capacity of Sector Supervisor - Captain, supervising a total of 25 officers.  On or around April 22, 2018, an officer assigned to a sector I supervised, complained that she was being sexually harassed by another supervisor. The officer had placed several requests to be transferred to a different post, however, the transfer request had been denied. I asked the officer to file a formal complaint; however, she was afraid of retaliation and refused to file a report. I attempted to assist the officer by speaking to Major Valdez and Major Alemany about the situation. Despite several attempts to resolve the issue for the officer internally, nothing was ever done to effectively address the ongoing harassment or correct the officer's working conditions.  On or around June, 2018, an internal investigation was conducted, and several employees were interviewed. During the investigation, the officer was interviewed and asked to make a formal complaint of sexual discrimination, however, afraid of retaliation; she denied ever discussing the issue with me.

Because of my participation in the internal investigation, I was singled out by senior officers for whistle blowing.  On July 5, 2018, I was notified the District Supervisor Shirley Malitte, that I was being removed from my position and terminated for "failing to supervise". I believe that I was the victim of retaliation for following proper protocol and trying to protect my subordinates.

Thus, for the reasons specified herein, I believe that I was discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, for participating in a protected activity.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Aug 22, 2018 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date        Charging Party Signature | **Exhibit A** |