United States District Court
for the
Southern District of Florida

| | |
|---|---|
| D'Andrea Rivera-Parsons, Plaintiff, )<br>)<br>v. )<br>)<br>U.S. Security Associates, Inc., )<br>d/b/a Allied Universal Security )<br>Services, and others, Defendants. ) | Civil Action No. 22-22636-Civ-Scola |

### Order Remanding Case

This matter is before the Court on the Court's order to show cause why this case should not be remanded to state court (ECF No. 4) and the Defendants' motion to dismiss. (ECF No. 9.) The Defendants also responded to the order to show cause. (*Id.*) The Plaintiff responded to the motion to dismiss. (ECF No. 11.) The Defendants timely replied. For the reasons discussed below, the Court **remands** this matter.

**1. Background**

The Plaintiff originally brought two counts for violations of the Florida Civil Rights Act, Florida Statutes § 760.10(7), for retaliation and sex discrimination. (Compl., ECF No. 1-2.) The Defendants removed this case from Florida state court on August 18, 2022, based on the Plaintiff's reference to an Equal Employment Opportunity ("EEOC") Charge of Discrimination ("Charge") as an attachment to her complaint. (Not. of Removal, ECF No. 1.)

The Court, concerned about its ability to hear only state law claims in this matter, *sua sponte* ordered the Defendants to show cause why the case should not be remanded. (ECF No. 4.) After the Defendants initially moved to dismiss the complaint and responded to the show cause order (ECF No. 6), the Plaintiff amended her complaint by right. (ECF No. 7.) The amended complaint asserts the same two counts for violations of the Florida Civil Rights Act. (*Id.*)

The Defendants again moved to dismiss the amended complaint, arguing that the Plaintiff's claims are time-barred and outside the scope of her EEOC Charge. (Mot. at 1-2). The Defendants also argue that the Court should retain jurisdiction and refuse to remand the case because the EEOC Charge is "incorporated" in the Complaint. (*Id.* at 2.) According to the Defendants, this means that the Plaintiff's claims must be plead under Title VII of the Civil Rights Act and, therefore, the Court may exercise federal question jurisdiction. (*Id.*) The Plaintiff responds that her state law claims are validly pleaded and

that the Court should remand the case because she pleads only state law claims. (Resp. at 1-2, 6.)

### 2. Legal Standard

Unlike state courts, "[f]ederal courts are courts of limited jurisdiction." *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts may only hear cases that fall within Article III of the Constitution and that "have been entrusted to [the federal courts] by a jurisdictional grant authorized by Congress," and courts must be scrupulous in protecting the limits on federal jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). In removal cases, the defendant bears the burden of establishing that federal jurisdiction exists. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

"For a district court to have federal question jurisdiction under 28 U.S.C. § 1331, the plaintiff's complaint must establish 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Welch v. Atmore Cmty. Hosp.*, 704 F. App'x 813, 816 (11th Cir. 2017). To determine whether federal question jurisdiction exists, courts "must review the [] complaint to determine what law, state or federal, created any of [the plaintiffs'] claims for relief." *Hansard v. Forsyth Cnty., GA*, 191 F. App'x 844, 846 (11th Cir. 2006). Where a complaint asserts claims under state statutes and raises no issue that necessarily depend on the resolution of a substantial question of federal law, the court should remand. *Id.* (affirming remand where plaintiff brought only Georgia state law claims and observing that the "complaint was brought under a state statute, and 'a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby.'") (cleaned up).

### 3. Analysis

The Court lacks federal question jurisdiction because the Plaintiff pleads only claims for violation of the Florida Civil Rights Act. (Am. Compl. ¶¶ 36-38, 39-44); *Hansard*, 191 F. App'x at 846. Neither of the Plaintiff's claims requires the resolution of an issue of federal law; both clearly request relief only under the Florida Civil Rights Act.

The Defendants argue that attaching the EEOC Charge to the amended complaint causes the amended complaint to raise a "good faith basis for federal question jurisdiction." (Mot. at 2.) This is not the standard for federal question jurisdiction—the standard is that the complaint must raise a request for relief

that "necessarily depends on the resolution of a substantial question of federal law." *Welch*, 704 F. App'x at 816.

The Defendants also cite *Davoodi v. Austin Independent School District* for the proposition that, where a plaintiff attaches an EEOC Charge to her complaint, the complaint then necessarily brings federal claims under Title VII. (Mot. at 10 (citing 755 F.3d 307, 308 (5th Cir. 2014)).) The Court declines to rely on *Davoodi* for two reasons. First, it is a Fifth Circuit case, and this Court applies the Eleventh Circuit's precedent, which clearly requires the Court to analyze the ***complaint*** to determine "what law, state or federal, created any of [the plaintiffs'] claims for relief." *Hansard*, 191 F. App'x at 846. Second, *Davoodi* has been directly criticized by federal courts in states with civil rights statutes similar to Florida's. *See, e.g., Kay v. Friendly's Ice Cream, LLC*, No. 14-cv-14062-IT, 2014 WL 7361243, at *1 (D. Mass. Dec. 23, 2014) (finding *Davoodi*'s reasoning to be "unpersuasive" where Massachusetts employed a "dual-filing system" under which plaintiffs could simultaneously file EEOC charges with both the EEOC and the Massachusetts Commission Against Discrimination."). *Davoodi* is similarly unpersuasive here, where Florida maintains a "dual-filing system." (Resp. at 4-5.)

Therefore, the Court finds that the Defendant offers no support for the existence of federal question jurisdiction and remands the case.

### 4. Conclusion

For the reasons stated above, the Court **remands** the case to state court. The Court therefore **denies** the Defendants' motion to dismiss as **moot**. (**ECF No. 9**.) The Court **directs** the Clerk to **close** this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to the **Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County**. Any pending motions are **denied** as moot.

**Done and ordered** in Miami, Florida, on October 18, 2022.

_____
Robert N. Scola, Jr.
United States District Judge